Alan C. Stein, Esq.
**Law Office of Alan C. Stein, P.C.**
Counsel to Debtor
7600 Jericho Turnpike
Suite 308
Woodbury, NY 11797
(516) 932-1800

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------x

In re                                                          :

121-08 Jamaica Avenue LLC,                        :

                      Debtor.          :

-----------------------------------------------------x

           Chapter 7

           Case No. 16-40437 (ESS)

**MOTION FOR AN ORDER SHORTENING TIME WITH RESPECT TO THE HEARING ON DEBTORS MOTION, PURSUANT, INTER ALIA, TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006, FOR AN ORDER (A) APPROVING THE SALE OF REAL PROPERTY LOCATED AT 121-08 JAMAICA AVENUE, RICHMOND HILL NEW YORK FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

      Alan C. Stein, Esq., Attorney for the Debtor, hereby files this motion (the "Motion to Shorten Time"), pursuant to Rules 9006 and of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), seeking an order shortening the time for notice of hearing on the Debtor's motion for an order pursuant to sections 363 and 365 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking the entry of an Order approving the private sale of the Debtor's interests in the real property located at 121-08 Jamaica Avenue, Richmond Hill, New York (the "Property") free and clear of liens, claims, encumbrances and other interests (the "Private Sale Motion") and respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction over the Motion to Shorten Time pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Consideration of Motion to Shorten Time is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.    The predicate for the relief requested in the Motion to Shorten Time is Rule 9006(c) of the Bankruptcy Rules and Rule 9077-1 of the Local Rules.

## RELIEF REQUESTED

5.    Through this Motion to Shorten Time, the Debtor requests an order, pursuant to Bankruptcy Rule 9006(c)(1) shortening the notice period required to be provided with respect to the Private Sale Motion so that it may be heard on October 16, 2018 at 19:30 a.m.  The Debtor proposes that the objection deadline be scheduled for October 15, 2018 at 5:00 p.m. (ET).

6.    Bankruptcy Rule 9006(c)(1) authorizes this Court, for cause shown, to reduce the notice period for a hearing to consider the Private Sale Motion.  See FED. R. BANKR. P. 9006(c)(1).

7.    Contemporaneously with this Motion to Shorten Time, the Debtor is filing the Private Sale Motion.  As described more fully therein, ample cause and exigencies exist to reduce the notice period.  The Court, on September 28, 2018 entered an Order for the following:

(I)    CONFIRMING THE RESULTS OF THE PUBLIC SALE;  (II) AUTHORIZING THE TRUSTEE TO CLOSE ON THE SALE TO THE WINNING BIDDER OR BACKUP BIDDER AT THE PUBLIC AUCTION; AND (III) GRANTING RELATED RELIEF

8.    As part of the related relief the order (Annexed hereto as Exhibit "A") included the following provision: See paragraph 5 " Notwithstanding anything to the contrary contained herein, the Debtor and/or its principals/members shall be entitled until 11:59 P.M. (ET) on October 17, 2018 to (a) seek to obtain Court approval of a sale of the Property by the Trustee to the Debtor and/or its principals/members for a purchase price equal to the greater of $3,200,000 or an amount sufficient to pay all claims in the case in full and (b) close such sale transaction, if approved by the Court. In the event the Debtor or its principals/members do not obtain such Court approval or do not close such sale transaction on or before 11:59 P.M. (ET) on October 17, 2018, the Trustee is authorized and empowered to proceed with the sale of the Property as set forth in paragraph 4 hereof, effective as of 12:00 A.M. (ET) on October 18, 2018."

9.    In order for the sale transaction to be closed on or before the Private Sale Deadline, the parties require a hearing on the Private Sale Motion on shortened notice.

10.    For the foregoing reasons, and for the reasons set forth in the declaration of Alan C. Stein, Esq. , attorney for the Debtor, in support of the Motion to Shorten Time,  the Debtor submits that ample cause and exigencies exists to shorten notice as requested herein.

## NOTICE

11.    Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of the Motion to Shorten Time has been given.

12.    Notice of the Private Sale Motion and hearing thereon will be given to all parties required to receive notice pursuant to Bankruptcy Rule 2002 by email, fax or overnight courier.

## NO PRIOR APPLICATION

13.    No prior application for the relief requested herein has been made to this or any other court for this motion, other than one prior motion for a private sale which was withdrawn. .

**WHERFORE**, the Debtor respectfully requests that the Motion to Shorten Notice be granted and that this Court enter an order substantially in the form annexed hereto as **Exhibit B**, and that it be granted such other and further relief as is just.

Dated: October ll , 2018
      Woodbury, New York

                      LAW OFFICE OF ALAN C. STEIN, PC
                      Counsel for Debtor
                              /s/ Alan C. Stein
            By: _____
                      Alan C. Stein, Esq. (AS 2186)
                      7600 Jericho Tpke. Ste 308
                      Woodbury, NY 11797
                      (516)932-1800

Alan C. Stein, Esq.
**Law Office of Alan C. Stein, P.C.**
Counsel to Debtor
7600 Jericho Turnpike
Suite 308
Woodbury, NY 11797
(516) 932-1800

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

In re                                                                      :

                                                                              :          Chapter 7

121-08 Jamaica Avenue LLC,                          :

                                                                              :          Case No. 16-40437 (ESS)

Debtor.                                                            :

---------------------------------------------------------x

**DECLARATION OF ALAN C. STEIN, PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1(A), IN SUPPORT OF CHAPTER 7 DEBTOR'S MOTION, PURSUANT, INTER ALIA, TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006, FOR AN ORDER (A) APPROVING THE SALE OF REAL PROPERTY LOCATED AT 121-08 JAMAICA AVENUE, RICHMOND HILL NEW YORK FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

Alan C. Stein, an attorney duly licensed to practice before this Court, declares and respectfully submits as follows:

1.        I am employed by the law firm known as Law Office of Alan C. Stein, PC counsel to Debtor herein.

2.        I submit this declaration pursuant to Local Bankruptcy Rule 9077-1(a), in support of the Debtor's motion (the "Motion to Shorten Notice") for an order shortening the requisite notice period with respect to the Debtor's motion for an order pursuant to sections 363 and 365 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking the entry of an Order approving the private sale of the Debtor's interests in the real property located

at 121-08 Jamaica Avenue, Richmond Hill, New York (the "Property") free and clear of liens, claims, encumbrances and other interests (the "Private Sale Motion").

3.    By the Motion to Shorten Notice, the Debtor seeks an order setting a hearing on the Private Sale Motion for October 16, 2018 at 9:30 a.m.

4.    Ample cause and exigencies exist to reduce the notice period. Contemporaneously with this Motion to Shorten Time, the Debtor is filing the Private Sale Motion. As described more fully therein, ample cause and exigencies exist to reduce the notice period. The Court, on September 28, 2018 entered an Order for the following:

(I)    CONFIRMING THE RESULTS OF THE PUBLIC SALE;  (II) AUTHORIZING THE TRUSTEE TO CLOSE ON THE SALE TO THE WINNING BIDDER OR BACKUP BIDDER AT THE PUBLIC AUCTION; AND (III) GRANTING RELATED RELIEF

5.    As part of the related relief the order (Annexed hereto as Exhibit "A") included the following provision: See paragraph 5 " Notwithstanding anything to the contrary contained herein, the Debtor and/or its principals/members shall be entitled until 11:59 P.M. (ET) on October 17, 2018 to (a) seek to obtain Court approval of a sale of the Property by the Trustee to the Debtor and/or its principals/members for a purchase price equal to the greater of $3,200,000 or an amount sufficient to pay all claims in the case in full and (b) close such sale transaction, if approved by the Court. In the event the Debtor or its principals/members do not obtain such Court approval or do not close such sale transaction on or before 11:59 P.M. (ET) on October 17, 2018, the Trustee is authorized and empowered to proceed with the sale of the Property as set forth in paragraph 4 hereof, effective as of 12:00 A.M. (ET) on October 18, 2018."

6.    In order for the sale transaction to be closed on or before the Private Sale Deadline, the parties require a hearing on the Private Sale Motion on shortened notice.

7.    In light of the foregoing, the DEBTOR requests that the Court shorten the notice period so that the Private Sale Motion may be heard on April 24, 2018 at 10:00 a.m.  Further, the Debtor requests that this Court set a deadline for the service and filing of objections to the Private Sale Motion on October 15, 2018 at 5:00 p.m.

Dated: New York, New York
      October 11, 2018

Alan C. Stein, Esq.

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                             :

                                    :

121-08 Jamaica Avenue LLC,       :

                                    :

                   Debtor.    :

-------------------------------------------------------x

                                         Chapter 7

                                         Case No. 16-40437 (ESS)

## ORDER, PURSUANT TO 11 U.S.C. §§ 363(B), (F), AND (M) AND RULES 2002 AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (I) CONFIRMING THE RESULTS OF THE PUBLIC SALE; (II) AUTHORIZING THE TRUSTEE TO CLOSE ON THE SALE TO THE WINNING BIDDER OR BACKUP BIDDER AT THE PUBLIC AUCTION; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Sale Motion") of Gregory M. Messer, as Chapter 7 trustee (the "Trustee") of the estate of 21-08 Jamaica Avenue LLC, the above-captioned debtor (the "Debtor"), seeking, among other things, entry of an order, pursuant to 11 U.S.C. § 363(b), (f), and (m) and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure: (i) confirming the results of the public auction sale (the "Public Sale") of the real property located at 121-08 Jamaica Avenue, Richmond Hill, New York 11419 (the "Property"), free and clear of all liens, claims, encumbrances and interests (the "Liens"), and (ii) authorizing the Trustee to close on the sale of the Property to the winning bidder or the backup bidder (this "Sale Order"); and upon this Court's order, dated April 16, 2018 [Docket No. 177] (the "Sale Procedures Order"), (a) authorizing the Public Sale, (b) scheduling a hearing to confirm results of the Public Sale to the highest and best bidder, (c) approving the terms and conditions governing the Public Sale of the Property (the "Terms and Conditions of Sale"), and (d) approving the manner and extent of notice of the Public Sale (the "Sale Notice"); and no objections to the relief granted in this Sale Order having been filed or received or any such objections having been withdrawn or overruled on their merits; and consideration of the Sale Motion having been heard before this Court on April 3, 2018, after which

the Sale Procedures Order was entered, and September 21, 2018 (collectively, the "Hearings"), the records of which are incorporated herein; and due and appropriate notice of the Sale Motion and Public Sale having been given; and it appearing that no other notice of the relief granted by this Order need be given; and good and sufficient cause having been shown for the relief granted herein; it is hereby

**FOUND AND DETERMINED THAT**:

A.      All findings, orders and decrees made by this Court in the Sale Procedures Order are hereby affirmed, adopted and made a part of this Sale Order.

B.      Proper, timely, adequate and sufficient notice of the Sale Motion, Sale Procedures Order, Sale Notice, and Terms and Conditions of Sale have been provided to all known creditors and parties in interest in the Debtor's bankruptcy case.

C.      A reasonable opportunity to object or be heard regarding the relief granted in the Sale Procedures Order and the Terms and Conditions of Sale has been provided to parties in interest, including (i) the Office of the United States Trustee, (ii) holders of Liens and/or their counsel of record, (iii) all creditors and parties in interest in the Debtor's case, (iv) all parties having filed a notice of appearance and request for service of papers in the Debtor's case, and (v) any other parties which are required to receive notice pursuant to Fed. R. Bankr. P. 2002.

D.      The Trustee has complied with the terms of the Sale Procedures Oder and the Terms and Conditions of Sale.

E.      The Terms and Conditions of Sale are fair, appropriate and designed to obtain the best and highest offer for the Property.

F.      The Trustee conducted a robust and open marketing and sale process prior to and after entry of the Sale Procedures Order, culminating in competitive bidding at the Auction.

G.    The Trustee conducted the Auction to determine the highest and best offer on the Property.

H.    At the Auction, it was confirmed that the highest and best offer received on the Property was from Ghotra and Sons LLC (the "Successful Purchaser") for $3,900,000, comprised of a bid in the amount of $3,750,000 and a buyer's premium in the amount of $150,000 (the "Purchase Price"), and that the second highest offer received on the Property was from Gang Q. Wang (the "Second Highest Bidder") for $3,848,000, comprised of a bid in the amount of $3,700,000 and a buyer's premium in the amount of $148,000. In the event that the Successful Purchaser fails in his duties to consummate the transaction contemplated herein, the Second Highest Bidder shall replace and become the Successful Purchaser and the amount bid by the Second Highest Bidder shall become the Purchase Price in accordance with the Terms and Conditions of Sale.

I.    In accordance with the Terms and Conditions of Sale, the Successful Purchaser executed a Memorandum of Sale and Terms and Conditions of Sale, a copy of which is annexed hereto as Exhibit A (the "Contract"). The Contract was expressly conditioned upon the approval of this Court. In connection with its obligations under the Contract, the Successful Purchaser has provided to the Trustee a $375,000 non-refundable deposit and a $150,000 non-refundable buyer's premium for the purchase of the Property (the "Deposit").

J.    The consideration being paid by the Successful Purchaser to acquire the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, the laws of the State of New York, the laws of the United States and any state, territory or possession thereof, and the District of Columbia.

3

K.    The consummation of the sale to the Successful Purchaser pursuant to the Contract (the "Sale") will serve the best interests of the Debtor's estate by maximizing the value to be obtained from the Property. The Trustee has demonstrated a good, sufficient and sound business purpose and justification for the Sale because, among other things, the Trustee and his advisors diligently and in good faith analyzed all other available options in connection with the disposition of the Property and determined that (i) the transfer to the Successful Purchaser of the Property pursuant to the Contract and (ii) the consideration to be paid in the Purchase Price is fair and reasonable and together constitute the highest and otherwise best value obtainable for the Property.

L.    The Successful Purchaser is a good faith purchaser and is entitled to all the protections of a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

M.    The consummation of the Sale pursuant to this Sale Order and the Contract is a legal, valid and effective sale of the Property to the Successful Purchaser and shall vest the Successful Purchaser with all right, title, privilege and interest in and to the Property free and clear of all Liens against the Property, with such Liens to attach to the proceeds of Sale with the same priority, validity, force and effect as they attached to such Property immediately before the closing of the Sale as provided for in the Sale Procedures Order. All holders of Liens are enjoined from taking any action, including the assertion or exercise of any right of set-off or recoupment, or asserting any claim under theories of successor liability against the Successful Purchaser, or his successors, designees or assigns to recover any claim which such entity has solely against the Debtor.

N.    Entry of this Sale Order is in the best interests of the Trustee, the Debtor's estate, creditors and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Sale Procedures Order and all relief granted therein is hereby affirmed and ratified in all respects and incorporated herein and made a part of this Sale Order.

2.     All objections to the Sale, the Sale Notice or the Terms and Conditions of Sale or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits except to the extent provided herein.

3.     The terms and conditions of the Sale are hereby approved in all respects pursuant to sections 105(a) and 363 of the Bankruptcy Code.

4.     Subject to paragraph 5 below, the Trustee is hereby authorized and empowered to sell, transfer, convey and assign the Debtor's right, title and interest in the Property to the Successful Purchaser in accordance with the terms and conditions of the Contract.

5.     Notwithstanding anything to the contrary contained herein, the Debtor and/or its principals/members shall be entitled until 11:59 P.M. (ET) on October 17, 2018 to (a) seek to obtain Court approval of a sale of the Property by the Trustee to the Debtor and/or its principals/members for a purchase price equal to the greater of $3,200,000 or an amount sufficient to pay all claims in the case in full **and** (b) close such sale transaction, if approved by the Court. In the event the Debtor or its principals/members do not obtain such Court approval or do not close such sale transaction on or before 11:59 P.M. (ET) on October 17, 2018, the Trustee is authorized and empowered to proceed with the sale of the Property as set forth in paragraph 4 hereof, effective as of 12:00 A.M. (ET) on October 18, 2018.

6.     In the event that the Successful Purchaser fails in his duties to consummate the transaction contemplated herein, the Second Highest Bidder shall, in the Trustee's sole discretion,

replace and become the Successful Purchaser and the amount bid by the Second Highest Bidder shall become the Purchase Price in accordance with the Terms and Conditions of Sale.

7.      Except as otherwise expressly permitted by the Contract and this Sale Order, upon consummation of the transactions contemplated by the Contract, the Property shall be transferred to the Successful Purchaser free and clear of all Liens, and all persons and entities, including but not limited to, creditors, governmental, tax, and regulatory authorities and secured lenders, holding any and all claims in, on or against the Property, or any portion thereof (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent), or arising under, in connection with, or in any way relating to the Property prior to the Sale, hereby are forever barred, estopped and permanently enjoined from asserting against the Successful Purchaser or its successors or assigns, its property, or the Property, such persons' or entities' claims in and on the Property, with all such claims to attach to the proceeds of Sale with the same force and effect they had against the Property.

8.      Each creditor having a lien or claim in, on or against the Property is authorized and directed to promptly execute and deliver such documents and take all other actions as may be reasonably requested by the Trustee or Successful Purchaser to evidence the release of its Liens in and on the Property.

9.      This Sale Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may

be required to report or insure any title or state of title in or to the Property. Each and every federal, state and local governmental agency or department is hereby directed to *may* accept any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Contract.

10.     The terms and conditions of the Contract and this Sale Order shall be binding in all respects upon the Trustee, the Successful Purchaser and their respective affiliates, successors and assigns, including, without limitation, any affected third parties and all persons asserting a claim against or interest in the Debtor's estate or the Property.

11.     The Trustee is authorized to satisfy any uncontested Liens against the Property and pay the standard costs of closing from the Trustee's estate bank account as soon as is practicable following the closing on the Sale, including, but not limited to, (i) the mortgages of Karibworks Enterprises, LLC in the approximate amount of $2,120,000; (ii) any outstanding property taxes; (iii) any transfer or recording fees or taxes; (iv) any outstanding electricity, gas, water or other utility usage fees; and (v) other standard and necessary costs, fees, taxes and charges associated with closing the Sale.

12.     The Successful Purchaser is a good faith purchaser and is entitled to all the protections of a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

13.     The stay required by Bankruptcy Rule 6004(h) is hereby waived.

14.     This Court shall *may* retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Sale Order and the Contract, and to adjudicate, if necessary, any and all disputes concerning or relating to the transactions contemplated hereby and thereby, including disputes from third parties concerning the Sale of the Property free and clear of all Liens.

_**It is so ordered.**_



Dated: Brooklyn, New York
September 28, 2018

Elizabeth S. Stong
United States Bankruptcy Judge

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                          :
                                               :            Chapter 7
121-08 Jamaica Avenue LLC,                      :
                                               :            Case No. 16-40437 (ESS)
                        Debtor.                 :
-----------------------------------------------------------x

**ORDER SHORTENING NOTICE OF HEARING WITH RESPECT TO
DEBTOR'S MOTION, PURSUANT, INTER ALIA, TO SECTIONS 363 AND 365 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 6006, FOR
AN ORDER (A) APPROVING THE SALE OF REAL PROPERTY LOCATED AT 121-08
JAMAICA AVENUE, RICHMOND HILL NEW YORK FREE AND CLEAR <u>OF ALL
LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS</u>**

**WHEREAS**, on October __, 2011, Alan C. Stein, Esq. in his capacity as Attorney for

the Debtor, filed a Motion for Order Shortening Notice of Hearing (the "<u>Motion to Shorten</u>

<u>Notice</u>") with respect to a Motion for an Order pursuant to sections 363 and 365 of Chapter 11 of

title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 6004 and 6006 of

the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") seeking the entry of an

Order approving the private sale of the Debtor's interests in the real property located at 121-08

Jamaica Avenue, Richmond Hill, New York (the "<u>Property</u>") free and clear of liens, claims,

encumbrances and other interests ("<u>Private Sale Motion</u>"), seeking a hearing on the Private Sale

Motion on October 16, 2018 at 9:30am, pursuant to E.D.N.Y. Local Bankruptcy Rule 9077-1.

For good cause, it is hereby:

**ORDERED**, that the Motion to Shorten Notice is granted as set forth herein; and it is

further;

**ORDERED**, that the notice period otherwise applicable to the Private Sale Motion is

hereby shortened to permit the Private Sale Motion to be heard by the Court on **October 16,**

**2018, at 9:30 a.m. (ET),** in the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800; and it is further;

**ORDERED, that the objection deadline with regard to the Private Sale Motion shall be October 15, 2018 at 5:00 p.m. (ET), any objection filed after the objection deadline will not be considered by the Court,** and it is further;

**ORDERED**, that the Private Sale Motion and this Order shall be served upon parties required to receive notice pursuant to Bankruptcy Rule 2002 by email, fax or overnight courier no later than October 12, 2018, and it is further;

**ORDERED,** the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and it is further;

**ORDERED**, that this Court will retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

## Schedule A/Service List

Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

Office of the United States Trustee
EDNY Brooklyn Division
271 Cadman Plaza East - Suite 4529
Brooklyn, NY 11201

United States Trustee
74 Chapel Street
Albany, NY 12207

Law Office of Alan C. Stein, P.C.
7600 Jericho Tpke., Suite 308
Woodbury, NY 11797
Attn: Alan C. Stein, Esq.

Harris Beach PLLC
333 West Washington Street, Suite 200
Syracuse, NY 13202
Attn: Lee E. Woodard, Esq.

Law Office of Scott A. Steinberg
167 Willis Avenue, Suite 1
Mineola, NY 11501
Attn: Scott A. Steinberg, Esq.
Indra Jaikaran

Phillips Lytle LLP
340 Madison Avenue, 17th Floor
New York, NY 10173
Attn: Nickolas Karavolas, Esq.

Linker, LLC
1488 Deer Park Avenue
North Babylon, NY 11703

NYC Department of Finance
345 Adams Street
10th Floor - South Side
Brooklyn, NY 11201

NYC Department of Finance
59 Maiden Lane, 19th Floor
New York, NY 10038

NYC Department of Finance
Department of Legal Affairs
345 Adams Street - 3rd Floor
Brooklyn, NY 11201

NYS Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205

NYS Unemployment Insurance
W A Harriman Campus Building
Bldg. #12, Room 256
Albany, NY 12201
Attn: Insolvency Unit

NYC Environmental Control Board
Peck Slip Station
PO Box 2339
New York, NY 10272

NYC Office of Administrative Trials & Hearings
100 Church Street - 12th Floor
New York, NY 10007
Attn: Diana C. Haines, Esq.

NYC Water Board
Department of Environmental Protection
59-17 Junction Blvd., 13th Floor
Flushing, NY 11373
Attn: Bankruptcy Unit

NYC Water Board
Department of Environmental Protection
59-17 Junction Blvd., 13th Floor
Flushing, NY 11373
Attn: Andrew Rettig

NYC Water Board
PO Box 11863
Newark, NJ 07101

Capital One NA
PO Box 30249
Salt Lake City, UT 84130

Estate of Glenn Backer
c/o Schanker & Hochberg
27 West Neck Road
Huntington, NY 11743

Ginsburg & Misk LLP
215 Jamaica Avenue
Queens Village, NY 11428

Karibworks Enterprises, Inc.
114-28 149th Avenue
S. Ozone Park, NY 11420

Nicholas Stratouly
27 West Neck Road
Huntington, NY 11743

Pioneer Credit Recovery
35A Rust Lane
Boerne, TX 78006

Securities and Exchange Commission
The Woolworth Building
233 Broadway
New York, NY 10279

Securities and Exchange Commission
200 Vesey Street - Suite 400
New York, NY 10281
Attn: Andrew M. Calamari

Taijwant Dyaram & Ashmini Dyaram
c/o Law Offices of Terilli & Tintle PLLC
225 Broadway - Suite 2812
New York, NY 10007

United States Attorney
One St. Andrew's Plaza
Claims Unit - Room 417

New York, NY 10007

United States Trustee Payment Center
PO Box 530202
Atlanta, GA 30353

Gary R. Lampert, CPA
100 Merrick Road
Suite 211-W
Rockville Centre, NY 11570

Moritt Hock & Hamroff LLP
400 Garden City Plaza
Garden City, NY 11530
Attn: Leslie A. Berkoff

Marc Z. Newman
3119 Quentin Road
Brooklyn, NY 11234

DelBello Donnellan Weingarten Wise & Wiederkehr
1 North Lexington Avenue
White Plains, NY 10601
Attn: Dawn Kirby, Esq.

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Maltz Auctions
39 Windsor Place
Central Islip, NY 11722-3301

United States Bankruptcy Court
271-C Cadman Plaza East
Suite 1595
Brooklyn, NY 11201-1801

Norris McLaughlin & Marcus, P.A.
875 Third Avenue
8th Floor
New York, NY 10022
Attn: Melissa A. Pena, Esq.

Yadram Budhoo
14640 Huxley Street
Jamaica, NY 11422

Stephen Linker
1488 Deer Park Avenue
N. Babylon, NY 11703

Law Offices of Noah Goldstein
71 South Central Avenue, Suite 103
Valley Stream, NY 11580
Attn: Noah Goldstein, Esq.

Rosenberg, Musso & Weiner LLP
26 Court Street, Suite 2511
Brooklyn, NY 11242
Attn: Robert J. Musso, Esq.

Gregory Messer, Esq.
Law Offices of Gregory Messer, PLLC
26 Court Street
Suite 2400
Brooklyn, NY 11242

Brendan M Scott, Esq.
Klestadt Winters Jureller Southard
& Stevens, LLP
200 West 41st Street
17th Floor
New York, NY 10036-7203

Ghotra and Sons
86-13 120 Street
Richmond Hill, NY 11418

Gang Q. Wang
945 Sherman Ave 3rd Floor
Bronx, NY 10456

Richard J. Schager, Jr.
Stamell & Schager, LLP
260 Madison Ave, 16 F
New York, NY 10016

Reiss Sheppe, LLP
Attorneys for MSF Lending LLC
425 Madison Ave
New York, New York 10017

MSF Lending LLC
8 West 40th Street
New York, New York 10018